IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TROY BUSSELL § | |
| § | |
| vs. § | CAUSE NO.:  4:09-cv-02717 |
| § | |
| CLEAR CHANNEL § | |
| COMMUNICATIONS, INC., § | |
| CLEAR CHANNEL BROADCASTING, INC., § | |
| and CLEAR CHANNEL WORLDWIDE § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

Plaintiff, **TROY BUSSELL** ("Plaintiff" or "Bussell"), files this Original Complaint against Defendants, **CLEAR CHANNEL COMMUNICATIONS, INC., CLEAR CHANNEL BROADCASTING, INC.; and CLEAR CHANNEL WORLDWIDE,** (hereinafter collectively "CCC" or "Defendants") and would show the Court the following:

### I.    PARTIES

1.1    Plaintiff, Troy Bussell is a Texas resident who resides in Houston, Harris County, Texas.

1.2    Defendant, Clear Channel Communications, Inc. is a Texas Corporation residing in San Antonio, Texas.  This Defendant can be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inc. at 701 Brazos Street, Suite 1050, Austin, Texas  78701.

1.3    Defendant, Clear Channel Broadcasting, Inc. is a Texas Corporation residing in San Antonio, Texas.  This Defendant can be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inc. at 701 Brazos Street, Suite 1050, Austin, Texas  78701.

1.4     Defendant, Clear Channel Worldwide is doing business in Texas and can be served with process by serving its Chief Legal Officer, Andrew W. Levin, at 200 East Basse Road, San Antonio, Texas 78209.

## II.     JURISDICTION AND VENUE

2.1     Jurisdiction is proper in this Court pursuant to the district court's federal question jurisdiction under 28 U.S.C. §§ 1331(a) and 1367, and 29 U.S.C. § 201 and 29 U.S.C. § 623.

2.2     Venue of this matter is proper in this judicial district because the events which give rise to the cause of action alleged herein took place in this judicial district.  Plaintiff was employed at a radio station owned and operated by Defendant in Houston, Texas at the time of the events that are the subject matter of this suit.

2.3     Plaintiff has timely exhausted all administrative remedies and received a Dismissal and Notice of Rights from the U.S. Equal Employment Opportunity Commission, attached hereto as *Exhibit A*, and fully incorporated herein by reference as if more fully set forth at length.

## III.     FACTS

3.1     Plaintiff is the former technical producer of the Johnson & Walton morning show on KPRC radio, 950 AM, a station owned by CCC.  Plaintiff started this position on November 1, 2007.  Prior to that time, Plaintiff was a full-time board operator at the same station since 2003.  Plaintiff was terminated on April 22, 2008.

3.2     Plaintiff was a non-exempt employee from 2003 forward.  His primary job duties were those of a non-exempt employee under the Fair Labor Standards Act (hereinafter "FLSA.).  Plaintiff repeatedly worked more than forty (40) hours per week, but Defendant failed to pay

Plaintiff overtime at a rate of 1.5 times his hourly rate for hours worked in excess of forty during the work week.

3.3     On April 17, 2008 (five days before his termination), Plaintiff's wife (also a CCC part-time employee) contacted Human Resources and inquired about Plaintiff's overtime. The following day Plaintiff was interviewed by Human Resources at which time he reported that he had been told by his manager not to put any overtime down on his timesheet. After this conversation, he was terminated four days later.

3.4     Defendant is an "employer" within the meaning of 29 U.S.C. §203(d) during the times relevant to the matters made the basis of this lawsuit and was an enterprise engaged in commerce or in the production of goods for commerce" as those terms are defined in the FLSA. Defendant was Plaintiff's employer during all times relevant to this lawsuit.

3.5     Plaintiff believes he is entitled to overtime compensation and he was fired in retaliation for his inquiry into overtime compensation that had not been paid.

3.6     In addition, and in the alternative, at the time of his employment for CCC as the Board Operator, Plaintiff was in a protected age group and the only full-time employee over 40 years old at the station. The board operators in his age group had previously been terminated. All remaining full-time board operators were in their early 30s. After his termination, Plaintiff was replaced by his manager, Ramon Roblas, who is approximately 30 years old. Accordingly, Plaintiff believes he may also have been terminated because of his age.

### IV.     FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

4.1     Plaintiff fully incorporates the factual allegations recited above and would show that Defendant is liable to him for unpaid overtime compensation. During Plaintiff's employment, Defendant had a statutory obligation to pay Plaintiff at a rate of 1.5 times his

regular rate of pay for all hours worked for Defendant in excess of forty (40) hours a week commencing from the date of full-time employment as a board operator to the present. However, Defendant never paid Plaintiff overtime for the excess hours worked during his entire employment.

4.2    At all relevant times, Plaintiff performed primarily non-exempt employment duties to the extent necessary to be classified as a non-exempt employee under the FLSA.

4.3    Defendant's violation of the FLSA was willful.  Defendant knew that Plaintiff was working more than forty (40) hours per week but told him not to record the time and did not pay him for it.  There is no reasonable basis for Defendant to believe that Plaintiff was exempt.

4.4    As a result of Defendant's willful violation, Plaintiff seeks and is entitled to a recovery of liquidated damages on his claims for overtime pay and is entitled to recover overtime for a period of three (3) years prior to filing this lawsuit.

## V.    SECOND CAUSE OF ACTION RETALIATION UNDER THE FLSA

5.1    After Plaintiff's wife inquired with Human Resources regarding Plaintiff's entitlement to overtime and when Plaintiff notified Human Resources that he had previously been told not to record his overtime by his manager, he was terminated.

5.2    The FLSA prohibits retaliation by employers for employees objecting to an employer's failure to pay proper wages.  Accordingly, Plaintiff is entitled to damages as a result of Defendant's retaliation.

## VI.    THIRD CAUSE OF ACTION DISCRIMINATION UNDER THE AGE DISCRIMINATION AND EMPLOYMENT ACT

6.1    At the time of his employment for CCC as the Board Operator, Plaintiff was in a protected age group and the only full-time board operator over 40 years of age at the station.

6.2     Plaintiff was at all times qualified to perform his work as the Board Operator for the Johnson and Walton Show.

6.3     Plaintiff was fired, because he was in the protected age group and was replaced by a substantially younger individual.  Plaintiff was discriminated against because of his age and terminated because of his age.

## VII.     ACTUAL AND EXEMPLARY DAMAGES

7.1     As a result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, actual damages, including lost income and employment benefits in the past and future, mental anguish, pain and suffering, inconvenience, loss of enjoyment of life, humiliation, and damage to his reputation.  Plaintiff has also incurred and will continue to incur attorney's fees, litigation costs and costs of court in pursuing this action.  Furthermore, the conduct of Defendant, acting by and through its agents, servants and employees, was done willfully and maliciously, or alternatively, with reckless disregard of the rights of Plaintiff, for which the Plaintiff is entitled to exemplary damages.

## VIII.     ATTORNEY'S FEES

8.1     Plaintiff has incurred legal fees, expenses and costs in pursing this cause of action, and he is entitled to reimbursement for same pursuant to the provisions of the Age Discrimination and Employment Act and the Fair Labor Standards Act.

## IX.     JURY TRIAL DEMANDED

9.1     Plaintiff demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, **TROY BUSSELL**, prays that:

i.      Defendant be cited to appear and answer herein as required by law;

ii.     Upon jury trial hereof, Plaintiff be awarded overtime compensation, damages, past and future, including but not limited to, lost back wages, lost back

  employment benefits, lost front wages, lost future employment benefits, liquidated damages, exemplary damages, mental anguish, pain and suffering, emotional distress and economic damages resulting from Defendant's various breaches;

iii. Plaintiff be awarded the salary and benefits he would have received had there not been a discriminatory policy as well as a sum of money equal to the amount owed, as liquidated damages;

iv. Plaintiff may also be awarded exemplary damages as a result of the intentional conduct of Defendant;

v. Plaintiff be awarded pre-judgment interest at the highest rate allowed by law;

vi. Plaintiff be awarded interest on his judgment at the legal rate from the date of the judgment;

vii. Plaintiff be awarded his reasonable attorney's fees, costs and expenses of litigation; and

viii. Plaintiff be awarded such further equitable and injunctive relief, including reinstatement, as it deems appropriate and necessary to correct the conditions complained of herein.

         Respectfully submitted,

         By: _____/s/_____
          David L. Miller
          SBN 14067300
          Federal I.D. #8833

         **ATTORNEY FOR PLAINTIFF,**
         **TROY BUSSELL**

OF COUNSEL:

Miller, Scamardi & Carrabba, P.C.
6525 Washington Avenue
Houston, Texas 77007
TEL: (713) 861-3595
FAX: (713) 861-3596
Email: dmiller@millerscamardi.com

Diane F. Burgess
SBN:  24036594
Federal I.D. #34380
Miller, Scamardi & Carrabba, P.C.
6525 Washington Avenue
Houston, Texas  77007
Email:  dburgess@millerscamardi.com